ELKHORN AREA SCHOOL DISTRICT, Plaintiff-Appellant,†

v.

EAST TROY COMMUNITY SCHOOL DISTRICT, Defendant and
Third-Party Plaintiff-Respondent,

Patricia SCHOEN, Clerk, Town of LaGrange, Walworth
County, Wisconsin, and Town of LaGrange, Wal-
worth County, Wisconsin, Third-Party Defendants.

Court of Appeals

*No. 81–2399. Argued August 26, 1982.—Decided
November 23, 1982.*
(Also reported in 327 N.W.2d 206.)

---

† Petition to review denied.

1

For the plaintiff-appellant there was a brief submitted by *Robert V. Conover* of *Godfrey, Pfeil & Neshek, S.C.* of Elkhorn. Oral argument by *Robert V. Conover.*

For the defendant and third-party plaintiff-respondent there was a brief submitted by *Milton C. Konicek* of *Konicek Law Offices, S.C.* of Burlington. Oral argument by *Milton C. Konicek.*

Before Voss, P.J., Brown and Scott, JJ.

SCOTT, J.   Elkhorn Area School District (Elkhorn) appeals from the dismissal of its complaint against East Troy Community School District (East Troy). Elkhorn had sought to recover property taxes that were owing to Elkhorn but were erroneously paid to East Troy. The issues on appeal are whether Elkhorn has a right to recover its tax revenue under sec. 74.78, Stats., and whether Elkhorn's claim is barred for failure to comply with the limitations in sec. 893.80 (1) (a), Stats. Contrary to the trial court's conclusion, we find that sec. 74.78 does apply to the instant facts. However, we agree that because East Troy had neither written notice nor actual knowledge of Elkhorn's claim within 120 days after the event giving rise to it, Elkhorn did not comply with sec. 893.80 (1) (a). Therefore, we affirm.

The essential facts are uncontested. Effective August 22, 1956, a particular parcel of real property was designated as within the Elkhorn school district. Shortly

thereafter, both Elkhorn and East Troy acknowledged receiving notice that the Elkhorn boundaries had been redrawn. For the tax years 1963 through 1978, real property taxes collected on the Elkhorn parcel were erroneously paid to East Troy by the LaGrange town clerk. Over the entire period, the taxes mistakenly paid to East Troy amounted to $53,927.45.

On March 10, 1980, Elkhorn served a notice of claim on the school district clerk for East Troy. The claim requested the return of the property taxes rightfully owing to Elkhorn that had been erroneously paid to East Troy. On the same day, East Troy denied Elkhorn's claim.

On March 13, 1980, Elkhorn filed a complaint in the circuit court. The trial court held that sec. 74.78, Stats., does not apply to the facts in this case. Further, it dismissed Elkhorn's complaint because it found that Elkhorn had failed to comply with the notice required under sec. 893.80(1)(a), Stats.

Under sec. 74.78, Stats., "[w]henever any . . . tax owing by a school district is assessed against and paid by another district," the district erroneously deprived of tax revenue should be reimbursed by the district that was mistakenly enriched. Elkhorn argues that sec. 74.78 does apply to the instant facts. We agree.

Several opinions of the attorney general have noted that the language defining the scope of sec 74.78, Stats., is somewhat unclear and have clarified the factual circumstances to which the provision applies. According to the most recent opinion, which confirmed opinions given in 1925 and 1931, sec. 74.78 applies where "a property tax [is] levied on land in school district A and paid to school district B which is not entitled to it." 68 Op. Att'y Gen. 390, 391 (1979). That exactly describes the instant situation.

In determining the meaning of an ambiguous statute, this court should give great weight to a long-standing construction of the statute by the attorney general. *State v. Smith,* 50 Wis. 2d 460, 471–72, 184 N.W.2d 889, 895 (1971). The legislature modified the language of sec. 74.78, Stats., slightly in 1927 but did not change the substance of the provision. *See* 68 Op. Att'y Gen. at 391. Thus, the attorney general's opinion that sec. 74.78 does apply to facts of the kind before us has stood since 1925. Neither East Troy nor the trial court has presented a persuasive alternative analysis of the provision. We, therefore, conclude that Elkhorn had a right under sec. 74.78 to be reimbursed by East Troy for the mispaid tax revenues.

Under sec. 893.80(1)(a), Stats., "[n]o action may be brought or maintained against any . . . governmental subdivision" unless written notice of the "circumstances" of the claim is served on the subdivision within 120 days after the happening of the event giving rise to the claim. Failure to give the requisite notice does not bar the claim if the subdivision had "actual notice of the claim and the claimant shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial" to the subdivision.

Elkhorn concedes that sec. 893.80(1)(a), Stats., does apply to its claim against East Troy, and it acknowledges that it did not comply with the 120 day written notice requirement of that provision.[1] It argues, however, that the trial court erred in finding that East Troy did not receive actual notice of Elkhorn's claim until March 10, 1980. Further, Elkhorn asserts that even if

---

[1] We do not reach the question of whether, as an alternative remedy, Elkhorn could seek a writ of mandamus to compel the clerk for East Troy to enter the erroneously paid tax in the next tax roll against the property in East Troy and to pay the amount collected to the Elkhorn treasurer. *See* sec. 74.78, Stats.

East Troy did not get actual notice until March 10, the trial court should have found that notice on that date was within 120 days of the event that gave rise to Elkhorn's claim. We disagree with both contentions.

Section 893.80 (1) (a), Stats., is a notice of injury statute under which notice is a condition of fact requisite to liability. *Elm Park Iowa, Inc. v. Denniston,* 92 Wis. 2d 723, 729–30, 286 N.W.2d 5, 8 (Ct. App. 1979). The purpose of a notice of injury statute is to allow governmental authorities to make a prompt investigation of the circumstances giving rise to a claim. *Id.* at 730, 286 N.W.2d at 8–9.

A governmental subdivision must plead the lack of compliance with sec. 893.80(1) (a), Stats., as a defense. *Weiss v. City of Milwaukee,* 79 Wis. 2d 213, 228, 255 N.W.2d 496, 501 (1977). The plaintiff has the burden of proving the giving of notice or actual notice and the nonexistence of prejudice. *Id.* at 227, 255 N.W.2d at 501.

East Troy did plead lack of compliance with sec. 893.-80(1) (a), Stats., as a defense. Elkhorn argued in response that East Troy had actual notice of the claim within 120 days after the event giving rise to it. The facts that Elkhorn cited in support of its argument are undisputed. On September 5, 1956, East Troy (and Elkhorn) acknowledged receipt of an order that transferred the property in question to the Elkhorn school district. Further, from 1963 through 1978, East Troy unwittingly accepted property tax revenues that it had no authority to receive. Finally, on March 10, 1980, Elkhorn served a notice of claim on East Troy.

"Actual notice" under sec. 893.80(1) (a), Stats., is the equivalent of actual knowledge. *See Yotvat v. Roth,* 95 Wis. 2d 357, 361, 290 N.W.2d 524, 527 (Ct. App. 1980). The date on which East Troy got actual notice of Elkhorn's claim is a finding of fact. This court will not overturn a trial court's finding unless it is against the

great weight and clear preponderance of the evidence. *Onalaska Electrical Heating, Inc. v. Schaller,* 94 Wis. 2d 493, 501, 288 N.W.2d 829, 833 (1980). When more than one inference can be drawn from the evidence, a reviewing court must accept the inference drawn by the finder of fact. *Klein-Dickert Oshkosh, Inc. v. Frontier Mortgage Corp.,* 93 Wis. 2d 660, 663, 287 N.W.2d 742, 743 (1980).

East Troy had information from which it could have discovered as early as 1963 that it was receiving erroneously levied property taxes. One logical inference is that East Troy had constructive notice of the circumstances giving rise to Elkhorn's claim long before 1980. Constructive notice is not sufficient, however, to satisfy the *actual* notice exception under sec. 893.80 (1) (a), Stats. Actual notice of the school district boundaries is not notice of the payment error. The trial court's finding that East Troy did not have actual notice of the taxing error until March 10, 1980 is not against the great weight of the evidence.

■

Whether actual notice on March 10, 1980 was within 120 days of the event giving rise to Elkhorn's claim might depend on which "event" gave rise to the claim. East Troy argues that the 120 days began to run in December 1978, the last time when the property tax was erroneously levied. Elkhorn suggests that the 120 days did not begin to run until the date when Elkhorn discovered the erroneous levy. We need not resolve the question of which event is controlling because Elkhorn had the burden of proving timely notice, and it presented no information concerning the date of discovery. Elkhorn's claim is barred for failure to comply with sec. 893.80 (1) (a), Stats.

We do not enthusiastically endorse the result in this case. The requirements of sec. 893.80 (1) (a), Stats., pro-

duce harsh consequences. Nonetheless, as the Wisconsin Supreme Court noted about another notice of injury provision, "the terms of this legislative enactment must be applied in accord with their plain meaning, and we are not free to ignore their import." *Mannino v. Davenport,* 99 Wis. 2d 602, 615, 299 N.W.2d 823, 829 (1981). We join the *Mannino* court in recognizing that although the goals sought to be achieved by notice of injury statutes are not improper, the legislature might achieve its objectives by less drastic means. *See id.* at 615–16, 299 N.W.2d at 829.

*By the Court.*—Judgment affirmed.