Mary FIGGS, Plaintiff-Respondent,

v.

The CITY OF MILWAUKEE, Defendant-Appellant.†

Court of Appeals

*No. 83–395. Submitted on briefs October 11, 1983.—
Decided November 11, 1983.*
(Also reported in 342 N.W.2d 254.)

† Petition to review granted.

For the defendant-appellant the cause was submitted on the briefs of *James B. Brennan,* city attorney, with *Joseph H. McGinn,* assistant city attorney, of counsel, of Milwaukee.

For the plaintiff-respondent the cause was submitted on the briefs of *Harvey J. Goldstein* of Milwaukee.

Before Wedemeyer, P.J., Decker and Moser, JJ.

MOSER, J. The City of Milwaukee (City) appeals from a judgment and award of damages in favor of Mary Figgs (Figgs) for personal injuries suffered when she tripped in a hole and fell on the grassy strip between the sidewalk in front of her home and the curb of the public roadway. The City raises four issues on review: (1) whether Figgs' failure to itemize her claim in compliance with sec. 893.80(1)(b), Stats., barred her action; (2) whether, as a matter of law, the City could not be liable for Figgs' injuries because she fell on her own property; (3) whether the trial court improperly allowed the jury to assess damages for medical expenses; and (4) whether the trial court improperly invaded the province of the jury. Because we conclude that Figgs' noncompliance with sec. 893.80(1)(b) deprived the court of subject matter jurisdiction, we reverse.

From July of 1969 until sometime in the summer of 1980 a parking sign was located in the grassy strip between the sidewalk and the roadway in front of the Figgs home in the City. When an employee of the City removed the sign in 1980, pulling it out of the ground, a hole may have been left which was never filled in. Because grass grew up around this spot, neither Figgs nor her husband ever noticed a hole until after Figgs tripped and fell on this spot on September 30, 1980. As a result of the fall,

Figgs suffered abrasions on the bridge of her nose and on her right knee and bruising on her right knee and right wrist.

Figgs consulted her lawyer and three days later sought treatment at the emergency room at St. Michael Hospital where her nose and knee were X-rayed. The attending physician found no fractures or swelling and released Figgs.

On the advice of her lawyer, Figgs consulted Dr. Donald Ackerman (Ackerman), a general practitioner. Between her first visit on October 13, 1980, and her last on December 8, 1980, Figgs consulted Ackerman twenty-three times for deep heat treatments to her knee and wrist. Ackerman also prescribed anti-inflammation medication for Figgs.

On October 15, 1980, Figgs presented to the city clerk a document entitled "CLAIM" demanding satisfaction in the amount of $4,500 with no itemization of what the amount represented. Over a year later the City denied Figgs' claim. On November 24, 1981, the instant suit was filed.

Ackerman was unavailable to testify at trial, so his deposition was read into evidence. Ackerman testified as to Figgs' claimed injuries and the treatments he provided. Counsel for Figgs did not elicit any testimony as to the reasonableness or necessity of these treatments to relieve the injuries complained of.

Before the cause was submitted to the jury, the assistant city attorney moved the court to dismiss the action based on Figgs' failure to itemize her claim in accordance with the language of the notice of injury statute, sec. 893.80. The trial court held that Figgs had sufficiently complied with the statute and denied the City's motion.

The jury returned a special verdict in favor of Figgs; and a judgment in the sum of $1,818.90, plus costs and

disbursements for a total of $2,140.10, was entered against the City. This appeal followed.

The City contends that Figgs' failure to comply with sec. 893.80(1)(b), Stats., which requires an itemization of the claim, prevented the trial court from having subject matter jurisdiction over the action. We agree.

Section 893.80(1)(b), Stats., provides, in relevant part, that no action may be brought against a political corporation upon a claim or cause of action unless a claim containing the address of the claimant and "an itemized statement of the relief sought" is served on the political corporation.[1] Figgs presented to the City a claim demanding relief in the lump sum of $4,500 with no itemization of her demand.

It is a maxim of statutory construction that a statute "should be so construed that no word or clause shall be rendered surplusage."[2] "A separate meaning must attach to each individual term in a legislative act."[3] A construction of sec. 893.80(1)(b), Stats., allowing a lump sum demand such as that made by Figgs would contravene the above canon of statutory construction and effectively nullify the legislature's express requirement that relief be itemized.

Figgs cites *Weiss v. City of Milwaukee*[4] and *Nielsen v. Town of Silver Cliff*[5] for the proposition that a fail-

---

[1] The requirement that a notice of claim against a governmental body contain an itemized statement of the relief sought was added to the predecessor of sec. 893.80, Stats., sec. 895.43, by ch. 285, sec. 11, Laws of 1977, effective November 8, 1978. Section 895.43 was amended and renumbered to sec. 893.80 by ch. 323, sec. 29, Laws of 1979, effective July 1, 1980.

[2] *Johnson v. State*, 76 Wis. 2d 672, 676, 251 N.W.2d 834, 836 (1977) (citation omitted).

[3] *Id.*

[4] 79 Wis. 2d 213, 255 N.W.2d 496 (1977).

[5] 112 Wis. 2d 574, 334 N.W.2d 242 (1983).

ure of compliance with the notice statute is not fatal to the claim if the municipality has not been prejudiced thereby.[6] Figgs concedes that the burden is on the claimant to show that the municipality has not been prejudiced[7] and offers as its only "proof" the argument that the City's prior knowledge of Figgs' itemized damages would not have assisted it in settling the matter. We think Figgs is confused as to the purpose of sec. 893.80, Stats. Section 893.80 is a notice of injury statute, not a notice of claim statute.[8] The purpose of a notice of injury statute is to give the governmental authority an opportunity to investigate the claim, not an opportunity to settle it.[9] The claimant's failure to itemize the relief sought hinders the governmental body in rationally evaluating the claim and thus both defeats the purpose of the statute and prejudices the governmental body.

Figgs also argues that the City should be estopped from asserting Figgs' statutory noncompliance as a defense because it did not raise the defense in its answer. It is indeed the rule that noncompliance with the notice statute must be pled as a defense by the municipality.[10] However, it is well established that the doctrines of waiver, consent and estoppel are not valid defenses against an improper exercise of subject matter jurisdiction.[11] We hold that Figgs' noncompliance with sec. 893.80, Stats., deprived the court of subject matter jurisdiction and that

[6] *Id.* at 580–82, 334 N.W.2d at 245–46; *Weiss, supra* note 4, at 227, 255 N.W.2d at 501.

[7] *Nielsen, supra* note 5, at 580, 334 N.W.2d at 245.

[8] *See Elkhorn Area School Dist. v. East Troy Community School Dist.*, 110 Wis. 2d 1, 5, 327 N.W.2d 206, 208 (Ct. App 1982).

[9] *Id.*

[10] *Nielsen, supra* note 5, at 580, 334 N.W.2d at 245.

[11] *Bialk v. City of Oak Creek*, 98 Wis. 2d 469, 473, 297 N.W.2d 43, 45–46 (Ct. App. 1980) (citations omitted).

the City's failure to plead noncompliance as a defense did not result in a waiver of this defense.

As we have said before, we do not enthusiastically endorse the harsh consequences produced by the requirements of sec. 893.80, Stats.[12] Nevertheless, we are not free to ignore the plain meaning of a legislative enactment.[13]

In addition to not pleading the jurisdictional defect in its answer, the City also did not move to dismiss this case based on the jurisdictional defect until after trial testimony was completed when the judge was naturally reluctant to lay to waste the foregoing proceedings. The City's tactics were unseemly, especially insofar as Figgs was made to incur the expenses of an unnecessary trial.

While the above holding is dispositive of this case, we elect to address the other issues raised by the City as well. The City contends that it could not be liable for Figgs' injury as a matter of law because Figgs fell on her own property. We reject this contention.

The City cites case law holding that one who maintains a nuisance created by another may be liable for injuries sustained as a causal result just as if he or she had created the nuisance in the first place.[14] Assuming, *arguendo*, that Figgs "maintained" a nuisance, we fail to see how that would absolve the creator of the nuisance from liability as a matter of law. The apportionment of negligence between the creator of the dangerous condition and the one who maintained it would be a matter for the trier of fact.

---

[12] *Elkhorn, supra* note 8, at 6–7, 327 N.W.2d at 209.

[13] *Id.* at 7, 327 N.W.2d at 209.

[14] *Kull v. Sears, Roebuck & Co.*, 49 Wis. 2d 1, 9, 181 N.W.2d 393, 398 (1970) (citations omitted).

The City next argues that insufficient evidence was introduced to sustain the award for damages. The City claims that Figgs was required to elicit expert medical testimony to establish that the medical treatment she received was reasonable and necessary to effect a cure. In the absence of such testimony, claims the City, the jury was erroneously permitted to assess the damages for medical treatment. Case law directly refutes the City's argument.

Our supreme court has allowed the recovery of relatively small medical bills without proof of reasonableness and has said that such proof is not necessary where the injury, the treatment and the amount paid therefor are fully proved:

> The weight of authority seems to be that where the character of the injury and of the treatment and the services of the physician and the amount paid for the service are fully proved, this constitutes evidence from which the jury may allow damages though there is no proof of either necessity or the reasonable value of the services. Mere proof of injury and employment of and treatment by a physician entitles the jury to make an award for the service, in the absence of evidence of necessity for or the value of the service.[15] (Citations omitted.)

The City does not contend that Figgs did not prove the character of the injury and treatment, the services of the physician and the amount paid for the services. Accordingly, we find no failure of proof as to damages.

Lastly, the City claims that the trial court improperly invaded the province of the jury when, on several occasions during the trial, it cut off examination on certain subjects or allowed testimony in over objection or in-

[15] *Gerbing v. McDonald*, 201 Wis. 214, 218–19, 229 N.W. 860, 862 (1930). *See also Town of East Troy v. Soo Line R.R. Co.*, 653 F.2d 1123, 1133–34 (7th Cir. 1980).

structed the jury to disregard a statement made in closing argument. The City cites no authority supporting its argument that the court did not preside with neutrality or that the court's actions constituted harmful error. We conclude that if the trial court committed error in the actions complained of, such error was *de minimus* and harmless.

Because Figgs' noncompliance with sec. 893.80, Stats., precluded the trial court from having subject matter jurisdiction over this action, we reverse the judgment against the City and remand the cause with directions to dismiss the complaint.

*By the Court.*—Judgment reversed and cause remanded with directions.