Mary FIGGS, Plaintiff-Respondent-Petitioner,

v.

The CITY OF MILWAUKEE, Defendant-Appellant.

Supreme Court

*No. 83–395. Argued September 6, 1984.—*
*Decided November 27, 1984.*

(Also reported in 357 N.W.2d 548.)

For the plaintiff-respondent-petitioner there were briefs by *Harvey Jay Goldstein* and *Goldstein & Goldstein,* Milwaukee, and oral argument by *Harvey Jay Goldstein,* Milwaukee.

For the defendant-appellant the cause was argued by *Joseph H. McGinn,* assistant city attorney, with whom on the brief was *James B. Brennan,* city attorney.

Amicus curiae brief was filed by *Howard A. Davis, Patrick O. Dunphy* and *Habush, Habush & Davis,* S.C., Milwaukee, for the Wisconsin Academy of Trial Lawyers.

HEFFERNAN, CHIEF JUSTICE. This is a review of a decision of the court of appeals, 116 Wis. 2d 281, 342 N.W.2d 254 (Ct. App. 1983), which reversed a judg-

ment of the circuit court for Milwaukee county, Michael D. Guolee, Circuit Judge, in favor of the plaintiff, Mary Figgs, and against the defendant, city of Milwaukee. We reverse the court of appeals.

The court of appeals concluded that the plaintiff's claim against the city was deficient because, after reciting the circumstances of the injury, it stated only, "That satisfaction therefor is claimed from the city of Milwaukee, in the sum of Four Thousand Five Hundred Dollars ($4,500.00)." The court of appeals concluded that, because the claim did not contain "an itemized statement of the relief sought," in the manner it believed was required by sec. 893.80(1)(b), Stats.,[1] the

[1] "893.80 Claims against governmental bodies or officers, agents or employes; notice of injury; limitation of damages and suits. (1) No action may be brought or maintained against any volunteer fire company organized under ch. 213, political corporation, governmental subdivision or agency thereof nor against any officer, official, agent or employe of the corporation, subdivision or agency for acts done in their official capacity or in the course of their agency or employment upon a claim or cause of action unless:

"(a) Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent or attorney is served on the volunteer fire company, political corporation, governmental subdivision or agency and on the officer, official agent or employe under s. 801.11. Failure to give the requisite notice shall not bar action on the claim if the fire company, corporation, subdivision or agency had actual notice of the claim and the claimant shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the defendant fire company, corporation, subdivision or agency or to the defendant officer, official, agent or employe; and

"(b) A claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk or secretary for the defendant fire company, corporation, subdivision or agency and the claim is disallowed. Failure of the appropriate body to disallow within 120 days after presentation

trial court did not have subject matter jurisdiction and, hence, the judgment was void even though the city had not raised the jurisdictional defense until after the case was fully tried and was ready for submission to the jury. Because we conclude the claim was sufficient, the question of jurisdiction need not be addressed. We reverse, because the claim contained an "itemized statement of the relief sought"—money damages. The judgment of the circuit court is, accordingly, reinstated.

The chronology and procedural steps leading to this review are undisputed and are as follows. On October 15, 1980, the petitioner on this review, Mary Figgs, hereinafter referred to as Figgs or as plaintiff, filed a document captioned "Claim" with the city clerk of the city of Milwaukee.[2]

In this document Figgs alleged that, on September 30, 1980, she fell into a hole negligently left by city employees after they removed a parking-control sign. She alleged and particularized the injuries she sustained and stated that they were caused by the city's negligence in failing to fill or cover the hole. The claim recited, "That satisfaction therefor is claimed from the City of Milwaukee, in the sum of Four Thousand Five Hundred Dollars ($4,500.00)."

The claim was disallowed by the Milwaukee Common Council on November 17, 1981. Figgs then commenced an action in the circuit court for Milwaukee county on

---

is a disallowance. Notice of disallowance shall be served on the claimant by registered or certified mail and the receipt therefor, signed by the claimant, or the returned registered letter, shall be proof of service. No action on a claim against any defendant fire company, corporation, subdivision or agency nor against any defendant officer, official, agent or employe, may be brought after 6 months from the date of service of the notice, and the notice shall contain a statement to that effect."

[2] No question is raised whether the document was filed in the proper form.

November 24, 1981, demanding judgment against the city in the sum of $10,000. The answer of the city denied any negligence by its employees. The only affirmative defense alleged was that, if any injuries were in fact incurred, they were the result of the plaintiff's own negligence.

The case was tried before a jury on October 21 and 22, 1982. At the close of testimony, a conference was held to formulate the jury instructions.

At 1:30 P.M. on October 22, after the jury instructions had been agreed upon in conference and the case was ready for final submission to the jury, the assistant city attorney for the first time asserted that the court was without jurisdiction, because the claim, filed over two years before, was deficient because of "the lack of itemization of the damages." He moved to dismiss. The circuit judge promptly denied the motion and stated in explanation that "the plaintiff has sufficiently complied with the requirements."

The jury returned a verdict of $2,021 and allocated 90 percent of the causal negligence to the city and 10 percent to the plaintiff. Judgment in favor of Figgs was entered on January 14, 1983, in the sum of $1,818.90 damages and $321.20 costs.

On appeal the judgment was reversed because, it was concluded, the claim filed, while asserting a demand in the amount of $4,500, contained no itemization of the plaintiff's demand.

To state the position of the court of appeals in the words used in its opinion reveals the flaw of its decision. It stated:

"[N]o action may be brought . . . unless a claim containing the address of the claimant and 'an itemized statement of the relief sought' is served on the political corporation. Figgs presented to the City a claim demanding relief in the lump sum of $4,500 with no itemization of her demand." 116 Wis. 2d at 285.

Thus, the court of appeals equated the statutory requirement of sec. 893.80(1)(b), Stats., of "an itemized statement of the relief sought" with a requirement for an itemized statement of any damages sought or demanded. This equivalency is not justified by the words used in the statute. Although damages is one form of relief available in a court and the statute requires that the "relief" sought must be set forth in the claim, the claim statute does not require that a claim stated for a single form of relief by a demand for a stated sum of damages be further broken down into its components.

Following this court's decision in *Holytz v. Milwaukee*, 17 Wis. 2d 26, 115 N.W.2d 618 (1962), cities and other governmental units can be held liable in damages for the negligence of their employees under the doctrine of *respondeat superior*. The procedure by which a claim is asserted is set forth in the statutes.[3] The legislature has also seen fit to limit the amount of liability.[4]

Accordingly, the language of secs. 62.25 and 893.80, Stats. controls the procedural and notice aspects of this case. Under sec. 62.25(1):

"No action may be brought or maintained against a city upon a claim or cause of action unless the claimant complies with s. 893.80."

Sec. 893.80, Stats., requires (1) a "written notice of the circumstances of the claim" to be given within one hundred twenty days after the event giving rise to the claim, and (2) a claim containing "an itemized statement of the relief sought."

---

[3] Secs. 62.25 and 893.80. The former section has been adopted by the city of Milwaukee as a charter ordinance; and, accordingly, the procedures of sec. 893.80 are applicable to the city of Milwaukee. *Schwartz v. City of Milwaukee*, 43 Wis. 2d 119, 124 n. 3, 168 N.W.2d 107 (1969).

[4] Sec. 893.80(3) now limits damages against cities, generally, to $50,000.

In the instant case the notice reciting the circumstances of the claim, as required by sec. 893.80(1)(a), Stats., was filed within a few weeks of the date of the alleged injury. That filing was timely, the explicitness of the statement of circumstances is not challenged, and the adequacy of the document in that respect is not at issue. The same document purported also to include the "itemized statement of the relief sought" under sec. 893.80(1)(b).

While the notice of circumstances must be filed within one hundred twenty days after the happening of the event, no time limit is imposed by sec. 893.80 for the filing of the itemized statement of relief sought. Clearly, the two documents may be filed separately, but it was appropriate for the plaintiff to do as she did here—file in a single document the two elements of information prerequisite to bringing or maintaining any action against a city.[5]

The trial court concluded that the notice of claim filed by the claimant was adequate because it contained "an itemized statement of the relief sought." Hence, it concluded that the bar to commencement of an action for noncompliance with sec. 893.80 was inapplicable.

The court of appeals concluded that the claim was defective; accordingly, it stated there was no subject

---

[5] Counsel may, by the circumstances of the injury, be unable to state any monetary claim for relief within one hundred twenty days. Hence, in such cases, the written "notice of circumstances" will be filed initially, and the statement of the claim containing an "itemized statement of the relief sought" will come later. It should be noted, moreover, that, once a notice of the relief sought is properly filed, the failure of the appropriate municipal body to act upon the claim within one hundred twenty days will be deemed a disallowance, permitting an action to be commenced. If there is, in fact, a disallowance by the municipal body and the notice of that disallowance is served upon the claimant, action must be brought within six months or be barred. Sec. 893.80(1)(b).

matter jurisdiction. If the court of appeals erred in respect to the sufficiency of the claim, as we conclude it did, we need not, for the purpose of deciding this case, explore whether an insufficient notice would deprive the court of subject matter jurisdiction and render futile any assertions by a plaintiff of estoppel or laches.[6]

The plain language of sec. 893.80(1)(b), Stats., specifies that what is to be itemized in the claim is the "relief" sought. As pointed out above, curiously the court of appeals and the defendant city focus upon the word, "itemized," not upon "relief" and then equate relief with damages and conclude that damages should be itemized as though a form similar to a special verdict for damages were being presented to the common council.

The fact that it is necessary to look to standard dictionaries to ascertain the usual meaning of words does not render the words used in a statute ambiguous. What then is the meaning of "relief."

"Relief" is defined in Webster's Third New International Dictionary as, "5a: legal remedy or redress." Black's Law Dictionary (5th ed.) defines "relief" as:

". . . a *general* designation of the assistance, redress, or benefit which a complainant seeks at the hands of a court, particularly in equity. It may be thus used of such remedies as specific performance, injunction, or the reformation or rescission of a contract.
"See also . . . Remedy." (Emphasis supplied.)

[6] Nevertheless, we point out that this court has stated that these statutory conditions or conditions precedent have nothing to do with subject matter jurisdiction of a circuit court. *Lees v. ILHR Department*, 49 Wis. 2d 491, 497, 182 N.W.2d 245 (1971); *Galloway v. State*, 32 Wis. 2d 414, 419, 145 N.W.2d 761, 147 N.W.2d 542 (1966). They deal only with the appropriate conditions set by the legislature as a prerequisite for commencing or maintaining an action. Subject matter jurisdiction is conferred on the circuit courts by the constitution. *In the Matter of the Guardianship of Ebarhardy*, 102 Wis. 2d 539, 550, 307 N.W.2d

In respect to "itemize," Webster's Third New International Dictionary provides this definition: "1a (1) : to set down item by item. . . . (2) : to specify the separate items of : list of each item of . . . ." Black's defines "itemize" as : "To set down by items. To state each item or article separately. . . ."

Under these definitions, of which we take judicial notice, it is apparent that sec. 893.80(1)(b), Stats., requires a list, item by item, of the kinds of relief sought. One kind of relief sought might be, as here, money damages. In another case, it might be a demand for relief by specific performance or by injunction. It should be noted that sec. 893.80 is not a statute only applicable to tort claims or claims for negligence. The opening sentence of sec. 893.80 recites its applicability to any cause of action. Sec. 893.80, when initially enacted by the legislature, applied only to tort claims, but, by ch. 285, Laws of 1977, the procedures were made generally applicable to any claims against the listed governments. Accordingly, the statute provides for a method of securing relief against a city that may be different from, or in addition to, damages.[7]

---

881 (1981). Whether or not a proper claim has been filed, the circuit court has jurisdiction of the subject matter.

[7] This chronology strengthens the interpretation, suggested by the plain meaning of the statute, that the form or forms of relief sought by the claimant are the "items" to be "itemized." When the claims statute provided a procedure exclusively for tort claims, the legislature did not require claimants to submit any statement of the relief they sought. Presumably, the only relief sought in tort cases would be money judgments. There would have been no need for claimants to inform the governmental unit of the form of relief they sought. Once the statute was recreated to apply broadly to any "claim or cause of action" against a governmental unit, a city could no longer assume that the claimant sought exclusively a money judgment. This would explain why the legislature then added the requirement that claim-

Thus, sec. 893.80 (1) (b), Stats., requires a list, item by item, if more than one method of relief—more than one type of remedy—is sought against the city. If only one form of relief is sought, *e.g.*, money damages, the statement of the amount sought as damages is sufficient. Separate amounts for pain and suffering, lost wages, medical bills, and future or permanent disability are claims for special damages. They are not different types of relief. They all seek the relief of damages. The statute does not require an itemization of the separate demands for special damages.

The final question to be resolved on this appeal is whether the plaintiff's claim filed with the Milwaukee city clerk was sufficient in light of the meaning of the statute as set forth above.

In *Gutter v. Seamandel,* 103 Wis. 2d 1, 10–11, 308 N.W.2d 403 (1981), this court stated two principles for determining whether a notice of claim is valid:

"(1) the statement of the demand must be definite enough to fulfill the purpose of the claim statute; and (2) 'in looking at the requirements of the statute "[a] construction which preserves a *bona fide* claim so that it may be passed upon by a competent tribunal is to be preferred to a construction which cuts it off without a trial." ' *Sambs v. Nowak,* 47 Wis. 2d 158, 166, 177 N.W.2d 144 (1970), quoting *Moyer v. Oshkosh,* 151 Wis. 586, 593, 139 N.W. 378 (1913)."

In respect to the first principle, the purpose of a notice-of-claim statute is to "afford[ ] the municipality an opportunity to compromise and settle [the] claim without litigation." *Gutter,* 103 Wis. 2d at 11; *Pattermann v. Whitewater,* 32 Wis. 2d 350, 357, 145 N.W.2d 705 (1966). There is nothing in sec. 893.80, Stats., to

ants inform the city precisely what kind of relief they sought, *i.e.,* "an itemized statement of the relief sought."

suggest that the legislature intended any different or additional purpose for this particular notice-of-claim statute.

Figgs' lump sum demand satisfies the first "prong" of *Gutter's* test, because her demand permits the city of Milwaukee to decide whether to settle the claim without litigation.[8] This court has often held that a dollar amount of a damage claim must be stated in a notice of claim in order to give the municipality a meaningful and knowledgeable opportunity to settle the claim. *Gutter*, 103 Wis. 2d at 9–10 and cases cited therein; *Pattermann*, 32 Wis. 2d at 358. This court has concluded that a dollar amount was sufficiently definite to fulfill that statutory purpose of a notice-of-claim statute. *Gutter*, 103 Wis. 2d at 11; *Schwartz v. City of Milwaukee*, 43 Wis. 2d 119, 124–25, 168 N.W.2d 107 (1969). The converse implication of these holdings—an implication of which we approve—is that no more than a dollar amount is requird to satisfy the purpose of the statute.

In this case, Figgs stated a dollar amount in her notice of claim. Her demand for $4,500 in satisfaction of a personal injury claim was a demand for relief in the form of a money judgment as required by sec. 893.-80(1)(b). Although Figgs might have "itemized the relief sought" more expressly by using the words, "money judgment" or "damages," in her notice of claim, the demand for "satisfaction" and the inclusion of a specific dollar amount makes it apparent that the relief she seeks is a judgment for damages.

*Gutter* indicates that the second principle in determining the validity of notices of claim is the preserva-

---

[8] We reemphasize that the notice of the circumstances of the events leading to the injury was not attacked by the city.

tion of *bona fide* claims. *Id.* at 11. This court has held that, in furtherance of this policy, only substantial, and not strict, compliance with notice statutes is required. *Radtke v. City of Milwaukee*, 116 Wis. 2d 550, 555, 342 N.W.2d 435 (1984); *Gutter*, 103 Wis. 2d at 11, quoting *Novak v. Delavan*, 31 Wis. 2d 200, 211, 143 N.W.2d 6 (1966).

We conclude Figgs' demand for $4,500 in satisfaction for her personal injuries, consistent with the policy of preserving *bona fide* claims, is substantial compliance with the statutory requirement that the notice of claim include an itemized statement of the relief sought. The relief Figgs seeks is apparent from the monetary demand for satisfaction. The relief is "itemized," because it appears that Figgs wants only a single kind of relief —a money judgment. She could not have itemized the "relief" she sought any further when she sought only one kind of relief—damages.

Under the analysis of the sufficiency of a notice of claim outlined by this court in *Gutter*, Figgs' notice to the city of Milwaukee is a proper claim, in substantial compliance with the sec. 893.80 requirement that it include an itemized statement of the relief sought.

Following *Holytz*, a city may be liable for damages caused by the negligence of its employee. *Holytz* emphasized that fundamental fairness requires compensation for injuries so incurred. Fundamental fairness also is required of city officials and their lawyers in the handling and disposition of claims. The city attorney's office asserted the inadequacy of the claim only after a full trial to a jury and after the consumption of at least two days of court time. We cannot believe that the motion for dismissal was delayed for a period of over

two years because of inadvertence or ignorance. When the motion to dismiss was made, the assistant city attorney had ready for citation to the court two earlier circuit court cases which purported to support a dismissal of claims against the city of Milwaukee on the ground that a lump sum claim for damages was not a sufficient itemization of the relief sought. We thus find it difficult to conclude that the assistant city attorney was unaware of those cases until after the case was ready to go to the jury. We do conclude that what was known to the Milwaukee city attorney's office must be imputed, institutionally at least, to all of its attorneys trying similar cases and attempting to pose similar defenses relied upon because of earlier cases tried by the city. The record is insufficient for this court to determine whether there was a deliberate withholding from the court of a known, though ill-conceived, defense or a deliberate ambush set for the plaintiff after large sums of the plaintiff's, the state's, and the city's money was expended in the preparation for trial and the trial of a lawsuit. While we do not agree with the decision of the court of appeals, and we reverse that decision, we wholeheartedly agree with the language of the court of appeals that, if purposefully done, "The City's tactics were unseemly." 116 Wis. 2d at 287.

*By the Court.*—Decision reversed.