# ELKHORN AREA SCHOOL DISTRICT, Plaintiff-Appellant,

## v.

# EAST TROY COMMUNITY SCHOOL DISTRICT, Defendant-Respondent.

### Court of Appeals

*No. 84–1948. Submitted on briefs August 7, 1985.—Decided October 9, 1985.*
(Also reported in 377 N.W.2d 627.)

26

For the plaintiff-appellant, the cause was submitted on the briefs of *Lisle W. Blackbourn* of *Godfrey, Pfeil & Neshek, S.C.,* of Elkhorn.

For the defendant-respondent, the cause was submitted on the brief of *Milton C. Konicek,* of *Konicek & Kaiser, S.C.* of Burlington.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J. In this case, a property tax was levied on land in the Elkhorn Area School District but paid to the East Troy Community School District which was not entitled to it. Although sec. 74.78, Stats., provides for recovery of taxes paid to the wrong school district, this court previously held that Elkhorn's claim under that statute was barred by lack of compliance with the notice of injury statute, sec. 893.80(1)(a), Stats. *Elkhorn Area School District v. East Troy Community School District,* 110 Wis.2d 1, 327 N.W.2d 206 (Ct. App. 1982) *(Elkhorn I).* The issue presently before us is whether Elkhorn may now apply for mandamus on the grounds that an action at law is inadequate and, if so, whether the notice of injury and other limitations statutes apply to the mandamus action. We sustain the trial court holding that a mandamus action is appropriate and that the notice and limitations statutes are not applicable. We hold, however, that the trial court abused its discretion by dismissing the action on grounds that the town clerks were the real parties in interest and should have been named the defendants. We reverse and remand.

The facts were set forth in *Elkhorn I* and do not bear repeating in detail. For the purposes of this action, it is only necessary to state that for the tax years 1963 through 1978, real property taxes collected on the Elkhorn parcel were erroneously paid to East Troy by the LaGrange town clerk. The total amount was $53,927.45.

Elkhorn began an action in law for recovery of the moneys in 1978. The basis for the action, sec. 74.78, Stats., provides that "[w]henever any . . . tax owing by a school district is assessed against and paid by another district," the district erroneously deprived of tax revenue should be reimbursed by the district that was mistakenly enriched.

In *Elkhorn I,* we held that sec. 893.80(1)(a), Stats., applied to actions at law predicated on the rights and duties established by sec. 74.78, Stats. Section 893.80(1)(a) is a notice of injury statute whose purpose is to allow governmental authorities to make a prompt investigation of the circumstances giving rise to a claim against it. *Elkhorn* at 5, 327 N.W.2d at 208. Section 893.80(1)(a) states that no action may be brought or maintained against any governmental subdivision unless written notice of the "circumstances" of the claim is served on the governmental subdivision within 120 days after the happening of the event giving rise to the claim. Because sec. 893.80(1)(a) was not followed by Elkhorn, the case was dismissed.

> We noted in *Elkhorn I,* however, that: We do not reach the question of whether, as an alternative remedy, Elkhorn could seek a writ of mandamus to compel the clerk for East Troy to enter the erroneously paid tax in the next tax roll against the property in East Troy and to pay the amount collected to the Elkhorn treasurer. *See* sec. 74.78, Stats.

*Elkhorn* at 4 n.1, 327 N.W.2d at 208.

Elkhorn subsequently applied for mandamus against the East Troy School District charging that East Troy's

clerk had a specific duty to perform the ministerial act of collecting the erroneously paid tax. East Troy then moved to dismiss the complaint, contending that mandamus was inappropriate for reasons that the statute of limitations applied to mandamus proceedings, *res judicata* was applicable and sec. 893.80, Stats., prohibited a second lawsuit. The trial court, the Honorable John J. Byrnes then presiding, found that mandamus was an appropriate remedy and denied East Troy's motion.

The Honorable James L. Carlson subsequently presided in the case. Both parties moved for summary judgment. Judge Carlson heard the motions but did not decide the merits. Rather, he held that the East Troy School District was the wrong party to the mandamus action and that the individual town clerks were the correct parties. Judge Carlson did not allow Elkhorn to amend its pleadings and dismissed the case.

Although this is Elkhorn's appeal of the order dismissing the action for failure to plead the proper parties, East Troy raises threshold questions arguing that mandamus is not an appropriate remedy in the first place.

East Troy gives three reasons for its position. It argues, first, that sec. 893.05, Stats., controls this case. This section states:

> **Relation of statute of limitations to right and remedy.** When the period within which an action may be commenced on a Wisconsin cause of action has expired, *the right is extinguished as well as the remedy.* [Emphasis added.]

East Troy reasons that, under this statute, any rights which Elkhorn might have had were extinguished when this court ruled that Elkhorn was barred by sec. 893.80, Stats. East Troy appears to argue that, by this statute, the "right" to seek *any* kind of relief, including mandamus, is lost when the time limit for commencing a cause of action at law has expired.

29

Second, East Troy argues *res judicata* and cites *Hermansen v. City of Lake Geneva,* 272 Wis. 293, 75 N.W.2d 439 (1956), for the proposition that a judgment is conclusive as between the parties when a second action on the same claim raises issues that were or ought to have been litigated in the first cause of action. East Troy submits that because the instant mandamus action is identical to that previously adjudicated, this second suit is barred.

Finally, as a third variant, East Troy claims that even in a mandamus action, the statute of limitations, sec. 893.80(1)(a), Stats., is applicable to the case at hand.

All of these contentions are put to rest in the single case of *City of Milwaukee v. Firemen Relief Association,* 34 Wis.2d 350, 149 N.W.2d 589 (1967). There, the limitation of sec. 893.19(4), Stats., now sec. 893.93(1)(a), Stats., was applied to a claim by the firemen's association against the city of Milwaukee based on a statutory obligation continuing from 1891 to 1957. Despite this determination, the supreme court went on to acknowledge that aside from the remedy at law based upon the statutory obligation which was barred, the association could also "come into equity and assert the 1885 law as the basis of a constructive trust obligation on the part of the city. But if it wishes to enter equity, it can do so only if it wishes to subject itself to all equitable doctrines, including laches." *Id.* at 361, 149 N.W.2d at 594.

From this language, the following tenets of law are reinforced. First, although mandamus is a legal remedy, its issuance is largely controlled by equitable principles. *See Town of Burke v. City of Madison,* 17 Wis.2d 623, 631, 117 N.W.2d 580, 584 (1962), *reh'g denied,* 17 Wis.2d 638a, 118 N.W.2d 898 (1963). Thus, while sec. 893.05, Stats., speaks of extinguishment of a right and remedy, it is only actions *in law* that are extinguished. An action in equity is not so barred. The *Firemen Relief* case tacitly recognizes this fact by admitting that despite the statute of lim-

30

itations having run on the statutory action, an action in equity might remain, subject to laches.

Second, *Firemen Relief* implicitly teaches that a *res judicata* argument is misplaced. This is because the issues are different as between an action at law and an equitable action. For *res judicata* to apply, the issues must be the same. Here, however, while the action at law has the statute of limitations as an issue, equitable actions have laches at issue. The three essential elements of laches are unreasonable delay in commencing the action, knowledge of the course of events and acquiescence therein and prejudice to the party asserting the defense. *Estate of Korleski,* 22 Wis.2d 617, 622–23, 126 N.W.2d 492, 495 (1964). None of these issues can be found in the preceding cause of action at law.

Mandamus actions also will not be allowed when there is another adequate remedy at law. *Burns v. City of Madison,* 92 Wis.2d 232, 243, 284 N.W.2d 631, 636 (1979), *citing State ex rel. Johnson v. County Court,* 41 Wis.2d 188, 192, 163 N.W.2d 6, 8 (1968). Since it was unknown during the first action whether sec. 893.80(1)(a), Stats., was applicable, there remained a question of whether an adequate remedy at law still existed. Thus, the mandamus action could not have been brought at that time since there was still arguably an adequate remedy at law.

Finally, *Firemen Relief* teaches that the statute of limitations is not applicable to equitable actions. If this were not so, there would have been no need for the supreme court to even address the issue of equity and laches. In this regard, *Firemen Relief* was only following the general rule in Wisconsin and elsewhere that mandamus is generally regarded as not embraced within the statute of limitations applicable to ordinary actions but

31

is subject to the equitable doctrine of laches. *See State ex rel. The Green Bay & Minnesota Railroad Co. v. Jennings,* 48 Wis. 549, 553, 4 N.W. 641, 643 (1880); *see also* F. Ferris, *The Law of Extraordinary Legal Remedies* § 228 (1926). East Troy's arguments fail. The findings of Judge Byrnes that mandamus was appropriate are sustained.

We now reach Elkhorn's contention that Judge Carlson erred when he found the proper parties were not involved in the mandamus proceeding. Judge Carlson, on his own, injected this question of necessary and proper parties into the proceedings. He reasoned that sec. 74.78, Stats., is directed to those collecting the taxes in the debtor district. Concluding that it is the individual municipal clerks who actually levy the tax and spread it on the rolls and noting that these clerks were not made parties, the judge dismissed the action. We respectfully disagree.

Section 120.17(8)(a), Stats., states that it is the duty of the school district clerk to certify the amount in a given year that is to be collected by the various municipalities comprising the school district. The school district clerk's determination of the amount to be levied and collected by each municipality is based on values certified to the clerk by the state superintendent of public instruction. After certification is made, each municipality then contributes to the cost of operating the district and levies its school tax for such purpose. *Tanck v. Clerk, Middleton Joint School District No. 3,* 60 Wis.2d 294, 296–97, 210 N.W.2d 708, 710 (1973).

Therefore, sec. 74.78, Stats., can only operate if there is first a certification by the school district clerk and then a levy and collection by the town clerks. Both are specific duties imposed by law. If a party intends to apply for mandamus so that the tenets of sec. 74.78 can be carried out, demand must first be made upon the school district clerk to perform his or her specific duty. Following that, if any of the municipal clerks refuse to do their duty, demand

may then be made on them. *See, e.g., State ex rel. Redenius v. Waggenson,* 140 Wis. 265, 267, 122 N.W. 726, 727 (1909). At this point in the proceedings, however, we only know that the Elkhorn Area School District filed a notice of claim with the clerk of the East Troy district pursuant to sec. 74.78. This is the equivalent of a demand. Rather than certify, the clerk refused.

The clerks of the various towns are not proper parties to this lawsuit yet and they may never be necessary parties. They have no specific duty to perform, absent certification from the school district clerk. Until then, the duty is not presently and actually due. *See State ex rel. Racine County v. Schmidt,* 7 Wis.2d 528, 534, 97 N.W.2d 493, 496 (1959). Therefore, it was error to conclude that the town clerks are the proper and necessary parties to the mandamus action at this juncture.

According to the pleadings, only the school district is a named party defendant, not the school district clerk. The clerk of the district *is* mentioned in the prayer for relief, but this is not adequate to make one a party. Therefore, Judge Carlson was technically correct, albeit for the wrong reason, when he ruled that the school district was not a proper party. Mandamus should be directed to the person or persons who have the authority to act and to no one else. *Shirey v. City Board of Education,* 94 So.2d 758, 760 (Ala. 1957). That would be the clerk, not the school district.

Rather than affirm the judgment of the trial court, however, we exercise our prerogative under sec. 752.35, Stats., granting Elkhorn leave to seek an amendment to the pleadings naming the school district clerk as a party defendant. If such request is made to the trial court, the trial court is directed to grant it.

Section 752.35, Stats., allows the court of appeals latitude to reverse in its discretion if it appears from the record that the real controversy has not been fully tried. The

statute allows this court to, *inter alia*, "direct the making of . . . amendments in the pleadings . . . as are necessary to accomplish the ends of justice." Section 752.35. Whether the school district clerk was or should be made a party was never entertained by either the trial court or any of the parties. The ends of justice will be accomplished by naming the school district clerk as a party defendant. Whether mandamus should eventually be ordered must rest on whether the school district clerk should be commanded to do his or her duty. This is the real controversy at issue. Once the pleadings are properly amended, that issue may be fully tried.

Accordingly, this court reverses the order of dismissal and remands with directions not inconsistent with this opinion.

*By the Court.*—Order reversed and cause remanded with directions.