IN the MATTER OF SANCTIONS IN STATE V. Willie
RODGERS:

Scott F. ANDERSON, Appellant,

v.

CIRCUIT COURT FOR MILWAUKEE COUNTY, The Honorable
Robert Crawford, Presiding, Respondents-Petitioners.

Supreme Court

*No. 96–3281. Oral argument April 8, 1998.—Decided June 17,
1998.*

(Also reported in 578 N.W.2d 633.)

For the respondents-petitioners there were briefs by *Thomas G. Cannon* and *O'Neil, Cannon & Hollman, S.C.*, Milwaukee and oral argument by *Thomas G. Cannon*.

For the appellant there was a brief and oral argument by *Scott F. Anderson*, Milwaukee.

¶ 1. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE. This is a review of an unpublished decision of the court of appeals[1] reversing an order of the Circuit Court for Milwaukee County, Robert Crawford, Judge. The circuit court order imposed a fine of 50 dollars on Attorney Scott Anderson for arriving to court eight minutes late in violation of a pretrial scheduling order.

¶ 2. The issue presented is whether the circuit court properly exercised its power to sanction an attor-

---

[1] *Anderson v. Circuit Court for Milwaukee County*, No. 96–3281, unpublished slip op. (Wis. Ct. App. May 6, 1997).

ney for being late to a scheduled court appearance in violation of a pretrial scheduling order.

¶ 3. We hold that a circuit court has authority under Wis. Stat. §§ (Rule) 802.10(7) and 805.03 (1995–96)[2] to make such orders "as are just" imposing sanctions on an attorney who disobeys a pretrial scheduling order by arriving late to a scheduled court appearance. Based on the record in this case, we conclude that the circuit court erroneously exercised its discretion under Wis. Stat. §§ (Rule) 802.10(7) and 805.03. Accordingly we affirm the decision of the court of appeals.

## I

¶ 4. The facts are not in dispute for purposes of our review. On November 5, 1996, Attorney Scott Anderson, who was representing a defendant in a criminal case before Judge Robert Crawford, arrived at the courtroom at 8:38 a.m. for a jury trial scheduled to commence at 8:30 a.m.

¶ 5. The date and time of trial were established in a September 6, 1996, pretrial scheduling order signed by Judge Crawford. Attorney Anderson acknowledged in writing that he had received and read a copy of the order.

¶ 6. The scheduling order states that "[a]ll attorneys and parties are to appear timely at the scheduled time for each court appearance." The last paragraph of the order, entitled "**SANCTIONS**," warns that "[u]nless good cause is shown for failure to comply, the court may impose appropriate sanctions."

---

[2] All further references to Wisconsin statutes will be to the 1995–96 versions unless otherwise indicated.

¶ 7. After Attorney Anderson's late arrival on November 5, 1996, Judge Crawford called the case, and the following exchange took place:

> **THE COURT:** All right. I want the record to reflect that Mr. Anderson is eight minutes late for court this morning. I start my jury trials at 8:30. It's important for me. I'm going to try to try two cases today. Mr. Anderson shows up late. What's the reason why you are late, Mr. Anderson?
>
> **MR. ANDERSON:** I don't have any reasonable explanation, Judge.
>
> **THE COURT:** All right. I'm going to exercise my inherent authority and fine you fifty dollars. . . . I'm not holding you in contempt of court under Chapter 785 because this absence of yours did not occur in my presence and I don't have authority to hold you in summary contempt.

¶ 8. The circuit court then entered a written order stating that the circuit court possesses inherent authority to maintain order in its courtroom and that under the circuit court's inherent authority, Attorney Anderson was fined 50 dollars for arriving late to court without a reasonable explanation.

¶ 9. The court of appeals reversed the circuit court order, ruling that a "circuit court may no longer exercise this independent inherent power to deal with an attorney's contemptuous behavior outside the statutory scheme." *Anderson v. Circuit Court for Milwaukee County*, No. 96–3281, unpublished slip op. at 3 (Wis. Ct. App. May 6, 1997). The court of appeals further concluded that "[t]here is no residual of inherent authority which exists outside the contempt statutes permitting the trial court to fine a lawyer for arriving late." *Anderson*, unpublished slip op. at 7. The court of

appeals concluded that the proper way to sanction tardy attorneys is through the nonsummary contempt procedure under Wis. Stat. § 785.03(1). Accordingly, the court of appeals reversed the order and remanded the matter to the circuit court with directions to vacate the order. We affirm the decision of the court of appeals but on different grounds.

## II

¶ 10. The question of whether a circuit court has the power to sanction an attorney for being late to a scheduled court appearance in violation of a pretrial scheduling order is a question of law, which this court determines independently of the circuit court and court of appeals, benefiting from their analyses.

¶ 11. This case presents an important issue for circuit courts, practicing attorneys and litigants in Wisconsin. Circuit courts are pressed with heavy dockets and complex cases. In order to adjudicate cases in a timely manner and to serve the interests of all litigants, circuit courts must have the power to effectively manage court business. To this end, lawyers must comply with scheduling orders. Circuit courts, in turn, must consider lawyers' scheduling difficulties as well as the scheduling conflicts presented by other courts. In short, circuit courts and lawyers must be considerate of each other's needs and must treat each other with respect and fairness, bearing in mind their respective roles and concerns.

¶ 12. In this case the circuit court had two jury trials scheduled for the day on which Attorney Ander-

son arrived late to court.[3] Attorney Anderson, when asked why he was late, offered no explanation. At a minimum, he should have apologized to the circuit court for his tardiness.

¶ 13. We agree with the court of appeals that our decision in *Gower v. Circuit Court for Marinette County*, 154 Wis. 2d 1, 452 N.W.2d 355 (1990), would not permit the circuit court to find an attorney summarily in contempt under Chapter 785 for arriving late to a court proceeding. In *Gower* we held that summary contempt proceedings could not be used when the attorney's tardiness was not committed in the actual presence of the court. *See Gower*, 154 Wis. 2d at 11. However, because the circuit court in this case expressly stated that it was not holding Attorney Anderson in contempt for being late, *Gower* is not determinative of the circuit court's powers in this case.

¶ 14. Counsel for the circuit court asserts that Wis. Stat. §§ (Rule) 802.10(7) and 805.03 authorize a circuit court to sanction tardy attorneys, independent of the court's contempt power under Chapter 785.

¶ 15. Wisconsin Stat. § (Rule) 802.10(7) provides that "[v]iolations of a scheduling or pretrial order are subject" to Wis. Stat. § (Rule) 805.03. Section 805.03 provides that "[f]or failure. . .to obey any order of court, the court in which the action is pending may make such orders in regard to the failure as are just. . . ."

---

[3] As discussed in oral argument before this court, it is not uncommon for multiple misdemeanor cases to be scheduled for the same time in the same circuit court. As a result, a case scheduled for 8:30 a.m. may not be called by the court until later in the day. Thus it is not unusual for attorneys to handle other business in the courthouse or to appear before another judge while waiting for a case to be called.

¶ 16. Attorney Anderson contends that Wis. Stat. §§ (Rule) 802.10(7) and 805.03 are inapplicable to his conduct in a criminal case because these rules are designed to ensure that litigants and lawyers in civil actions do not disrupt the orderly administration of justice.

¶ 17. Attorney Anderson fails to note, however, that the rules of practice in civil actions, including Wis. Stat. §§ (Rule) 802.10(7) and 805.03, apply to criminal proceedings through Wis. Stat. § 972.11(1). "[R]ules of evidence and practice in civil actions shall be applicable in all criminal proceedings unless the context of a section or rule manifestly requires a different construction." Wis. Stat. § 972.11(1). Furthermore, in *State v. Heyer*, 174 Wis. 2d 164, 171, 496 N.W.2d 779 (Ct. App. 1993), the court of appeals concluded that the context of Wis. Stat. § (Rule) 805.03 does not require a different construction.

¶ 18. Finally, neither the text nor the legislative history of Wis. Stat. § (Rule) 802.10(7) requires a construction that is not applicable to criminal proceedings. Section 802.10 governs calendar practice for most actions or special proceedings in Wisconsin courts. *See* Judicial Council Notes 1977 to Wis. Stat. § 802.10. According to the Judicial Council Committee's Note, § 802.10 places the responsibility for moving a case on the attorneys as well as on the court. *See* Judicial Council Committee Note 1974 to Wis. Stat. § 802.10, West's Wis. Stat. Ann. (1994).

¶ 19. Our examination of Wis. Stat. §§ (Rule) 802.10(7) and 805.03 thus leads us to conclude that these rules apply to criminal cases and that circuit courts have authority to sanction a tardy attorney under §§ 802.10(7) and 805.03 when the attorney fails

to obey a pretrial scheduling order. The circuit court's power to sanction under §§ (Rule) 802.10(7) and 805.03 is independent of the court's contempt power.

¶ 20. Wisconsin Stat. § (Rule) 805.03 provides that in cases of failure to obey an order of the court, the circuit court may make such orders in regard to the failure "as are just." Thus § (Rule) 805.03 grants a circuit court discretion in determining the appropriate sanction and imposes a duty on the circuit court to make such orders as are just. *See Johnson v. Allis Chalmers Corp.*, 162 Wis. 2d 261, 274–75, 470 N.W.2d 859 (1991).

¶ 21. We must determine whether the circuit court in this case appropriately exercised its discretion in fining Attorney Anderson 50 dollars for arriving eight minutes late for a jury trial in violation of a pretrial scheduling order. We will sustain a circuit court's order imposing sanctions under Wis. Stat. § (Rule) 805.03 unless the court erroneously exercised its discretion. A discretionary decision will not be disturbed if a circuit court has examined the relevant facts, applied a proper standard of law and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach. *See Johnson*, 162 Wis. 2d at 273 (citing *Loy v. Bunderson*, 107 Wis. 2d 400, 414–15, 320 N.W.2d 175 (1982)).

¶ 22. A court should use caution in imposing sanctions against attorneys. *See Strong v. Brushafer*, 185 Wis. 2d 812, 822, 519 N.W.2d 668 (Ct. App. 1994). Mistakes by attorneys can often be corrected without sanctions if they are isolated mistakes resulting from inexperience, inadvertence or misunderstanding. *See Brushafer*, 185 Wis. 2d at 822 (citing SCR 60.01(7) that "[a] judge should utilize opportunities to criticize and

correct unprofessional conduct of attorneys and counselors, brought to his or her attention. . . ."). Furthermore, circuit courts should tailor sanctions to the severity of the misconduct.

¶ 23. Arbitrary action by a circuit court undermines attorney and public confidence that they will receive fair treatment by the circuit court. This court has stated as follows:

> [B]oth the sheer volume and the type of cases respondent [judge] has heard can lead to the kind of exasperation and impatience he has shown. Be that as it may, the conduct of those who aspire to be judges, both off the bench but particularly on the bench, must be such as to warrant the respect of the public and the confidence of litigants that they will be treated fairly, impartially and considerately.

*In Re Complaint against Seraphim*, 97 Wis. 2d 485, 512–13, 294 N.W.2d 485 (1980).

¶ 24. For a reviewing court to determine whether the sanctions imposed in a particular case are just, the circuit court must make a record of the reasons for imposing sanctions in that case. To make a record, the circuit court should, as it did in this case, give the attorney an opportunity to explain his or her tardiness. The record must address the disruptive impact on the court's calendar resulting from the attorney's late arrival, the reasonableness of the attorney's explanation and the severity of the sanction to be imposed.

¶ 25. Counsel for the circuit court in this case argues that circuit courts have the power to sanction an attorney for being late, regardless of whether the attorney's tardiness had an actual disruptive effect, in order to create a particular courtroom atmosphere or

"culture." We conclude that a circuit court's interest in creating a particular courtroom "culture" does not outweigh the need for fairness or the need for the circuit court to make a record when imposing sanctions for an attorney's tardiness.

¶ 26. A circuit court's failure to delineate the factors that influenced its decision constitutes an erroneous exercise of discretion. *See McCleary v. State*, 49 Wis. 2d 263, 282, 182 N.W.2d 512 (1971). In this case the circuit court merely stated that Attorney Anderson was eight minutes late, that it had two jury cases to try that day and that "I start my trials at 8:30. It's important for me." The circuit court did not state how the eight-minute delay would affect the court's ability to try the two cases that day or other calendared matters or why those eight minutes warranted a 50 dollar sanction. The record does not show whether the eight-minute delay caused any problems for jurors, victims, witnesses, law enforcement officers, or court staff. The record does not show whether the attorney was frequently tardy. Thus, the record does not demonstrate that the circuit court examined the relevant facts, applied a proper standard of law or used a demonstrated rational process to reach a conclusion that a reasonable judge could reach.

¶ 27. Because the circuit court in this case did not articulate its reasoning on the record, we are unable to conclude that the sanction imposed against Attorney Anderson for being eight minutes late was just. We therefore conclude that the circuit court erroneously exercised its discretion.

¶ 28. Because we conclude that a circuit court has authority under Wis. Stat. §§ (Rule) 802.10(7) and 805.03 to impose sanctions on attorneys who are tardy

11

to scheduled court appearances, we need not discuss a circuit court's inherent power to impose sanctions under the circumstances in this case. We note that characterizing a power as an inherent power does not excuse a court from developing a record to support its decision.

¶ 29. Accordingly, we affirm the decision of the court of appeals reversing the order of the circuit court and remanding the cause to the circuit court with directions to vacate the order imposing a fine of 50 dollars on Attorney Anderson for being eight minutes late to a scheduled jury trial.

*By the Court.*—The decision of the court of appeals is affirmed.