COURT OF APPEALS
DECISION
DATED AND FILED

August 31, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1397**

STATE OF WISCONSIN

Cir. Ct. No. **2012CV13059**

IN COURT OF APPEALS
DISTRICT I

---

IN RE THE AWARD OF ATTORNEY FEES IN THE ESTATE OF RONALD ZIOLKOWSKI V. WMK, LLC D/B/A MOBILITY WORKS, LLC:

ATTORNEY LYNNE A. LAYBER,

APPELLANT,

V.

ESTATE OF RONALD ZIOLKOWSKI AND JULIE ZIOLKOWSKI,

RESPONDENTS.

---

APPEAL from an order of the circuit court for Milwaukee County: WILLIAM S. POCAN, Judge. *Affirmed.*

Before Brash, C.J., Donald, P.J., and White, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.   Attorney Lynne A. Layber appeals the circuit court order denying reconsideration of its determination of reasonable attorney fees she earned representing Julie Ziolkowski and the Estate of Ronald Ziolkowski (collectively, "Ziolkowski") in their case against WMK, LLC d/b/a Mobility Works, LLC and Navigator Insurance Company.  Layber additionally appeals the monetary sanction imposed by the court for failing to attend a hearing.  We affirm the circuit court.

## BACKGROUND

¶2      This case arises out of an automobile accident suffered by Ronald[1] in December 2009 while driving his van configured for wheelchair operation.   In December 2012, Ronald and Julie brought a negligence action against the installers and manufacturers of the equipment that locked his wheelchair in place in his van.  At the trial in December 2015, the jury found the defendants negligent and awarded the Estate $3,850,000 for past pain, suffering, and disability, past health care expenses, and personal nursing care.  It further awarded $2,000,000 to Julie for loss of consortium.   The defendants appealed and we affirmed the judgment and the damages awarded to the Estate and Julie in 2017.  *See Estate of Ronald Ziolkowski v. WMK, LLC d/b/a/ Mobility Works, LLC*, No. 2016AP947, unpublished slip op. ¶82 (WI App Sept. 19, 2017).

¶3      In March 2018, the defendants fully satisfied the judgment against them with a payment of over six million dollars deposited into Layber's trust

---

[1] For the purposes of this appeal, Ronald and Julie Ziolkowski will be referred to separately by their first names.  During the pendency of the action, in October 2015, Ronald passed away and the Estate of Ronald Ziolkowski (the Estate) was named as a party.

account. Layber transferred $2,000,000 into Julie's bank account and $50,000 into the Estate's bank account.

¶4 In June 2018, Layber initiated the action underlying this appeal, in which she moved the court for an order approving the distribution of attorney fees and costs under the contingency fee agreement she entered into with Julie. Ziolkowski, by new counsel, opposed the motion on the grounds that the contingency fee was unreasonable and unconscionable and that an earlier agreement with Ronald should control any payments.

¶5 At a November 28, 2018 hearing, the circuit court determined the reasonable attorney fees under the contingency agreement based on relevant law and community norms and established that costs and the medical lien should be subtracted from the gross settlement before the attorney fees were paid as a percentage of the settlement.

¶6 On December 12, 2018, Ziolkowski filed a motion for reconsideration of the court's oral order based on newly discovered evidence of a third, unsigned contingency fee agreement. In Ziolkowski's notice of motion to reconsider, Layber was notified about the hearing scheduled for February 14, 2019. Six days later, Layber responded to Ziolkowski's motion in a letter to the circuit court. She disputed the application of the unsigned agreement.

¶7 Layber did not attend the February 14, 2019 hearing on the motion for reconsideration. The court noted that "this is not the first time she has been late for a hearing." The court concluded that the order on attorney fees drafted by Ziolkowski accurately represented its oral ruling from November, and it entered the written order that same day. The court invited Ziolkowski to bring a motion

for sanctions against Layber for her failure to appear at the hearing, to seek attorney fees, and to accrue interest on the money not disbursed.

¶8 In March 2019, Layber filed a motion to vacate or reconsider the February 14, 2019 order on attorney fees. Layber argued she did not have notice of the February hearing date and that the order incorrectly stated the calculation of reasonable attorney fees based on the court's oral ruling. Ziolkowski responded that the hearing was properly noticed through the court's e-filing system.

¶9 At a hearing on April 24, 2019, the court addressed Ziolkowski and Layber's separate motions for reconsideration and Ziolkowski's motion for sanctions. The circuit court denied Layber's motion for reconsideration. The court stated that the order accurately stated its determination of reasonable attorney fees. The court concluded that the February 14, 2019 hearing "had no bearing on the underlying matters" regarding the calculation of attorney fees that "the [c]ourt had already decided on November 28th, of 2018." The court concluded that even if Layber "had not received electronic notification of the hearing, her nonappearance would not entitle her to reconsideration" under WIS. STAT. § 806.07(1)(a) or (h) (2019-20).[2] The circuit court denied Ziolkowski's motion for reconsideration, deciding that the February 2016 contract was not newly discovered evidence entitling Ziolkowski to relief under § 806.07(1)(b).

¶10 The court granted Ziolkowski's motion for sanctions against Layber. It concluded that it was "impossible that someone exercising reasonable diligence would not have been aware of that hearing date." The court commented that

---

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

Layber had arrived late to previous hearings as well. The court ordered that because the disbursal of funds was stayed for sixty-nine days during the pendency of the decision, Layber should pay interest for the time Ziolkowski lost use of their funds.

¶11 After the hearing, on May 1, 2019, the court entered a written order stating that this new written order "supplements, but does not replace, the order signed on February 14, 2019, concerning attorneys' fees." It denied both parties' reconsideration motions and granted sanctions against Layber, requiring her to pay Ziolkowski's attorney fees and sixty-nine days of interest on the balance owed to Ziolkowski at 1.25% interest.

¶12 Layber filed a notice of appeal on July 30, 2019, indicating that she was appealing the circuit court's May 1, 2019 order. The notice of appeal stated that the May 1 order reduced Layber's attorney fees and sanctioned her. However, the written order that reduced Layber's attorney fees in this manner, was ordered by the circuit court on November 28, 2018, and entered on February 14, 2019. Prior to briefing, this court determined that we did not have jurisdiction over the appeal from the February 14, 2019 order because the notice of appeal was not filed within 90 days. We issued an order on November 27, 2019, limiting the appeal to new issues raised in Layber's March 25, 2019 motion for reconsideration and to her appeal of the sanctions ordered on May 1, 2019. *See* WIS. STAT. § 809.10(1)(e).

## DISCUSSION

¶13 Layber challenges the circuit court's attorney fee award and the sanctions against her. We consider each issue in turn.

5

¶14    We begin with Layber's challenge to the amount of attorney fees awarded to her.   She argues that the circuit court erred in three ways: (1) it erroneously applied the factors considered in the determination of reasonable attorney fees; (2) it erroneously concluded that the contractual contingency fee rate was unreasonable; and (3) it erroneously deducted costs and medical expenses from the gross settlement before attorney fees were awarded.   Although this court previously indicated that it lacked jurisdiction over the February 14 order and that only new issues raised in Layber's motion for reconsideration would be considered, Layber's arguments relate to the merits of the circuit court's November 28, 2018 decision, which was memorialized in the February 14, 2019 order, rather than a new issue that was raised in her motion for reconsideration.

¶15    "No right of appeal exists from an order denying a motion to reconsider which presents the same issues as those determined in the order or judgment sought to be reconsidered."   *Silverton Enters., Inc. v. General Cas. Co. of Wis.*, 143 Wis. 2d 661, 665, 422 N.W.2d 154 (Ct. App. 1988).   Here, Layber's arguments are clearly based on the determination of attorney fees set forth in the February 14, 2019 order.   Therefore, since we have already concluded that we do not have jurisdiction over her appeal as it relates to attorney fees, we will not consider the merits of her argument on that issue.[3]

¶16    We now turn to the remaining issue on appeal:  the issuance of sanctions against Layber.   Layber argues that the circuit court erroneously exercised its discretion when it issued sanctions against her.   Ziolkowski argues

---

[3] Ziolkowski presents another basis for concluding that we lack jurisdiction to address the merits of Layber's arguments concerning her attorney fees.  Because we have concluded that we lack jurisdiction over that issue, we do not address Ziolkowski's alternative argument.

that the sanctions were warranted and were not an erroneous exercise of discretion.

¶17 The "failure of any party to comply with the statutes governing procedure in civil actions or to obey any order of court" may result in the circuit court imposing sanctions "as are just." WIS. STAT. § 805.03. "The decision to impose sanctions and the decision of which sanctions to impose … are within a circuit court's discretion." *Industrial Roofing Servs., Inc. v. Marquardt*, 2007 WI 19, ¶41, 299 Wis. 2d 81, 726 N.W.2d 898. The circuit court has authority under WIS. STAT. §§ 802.10(7) and 805.03 "to impose sanctions on attorneys who are tardy to scheduled court appearances[.]" *Anderson v. Circuit Ct. for Milwaukee Cnty.*, 219 Wis. 2d 1, 11-12, 578 N.W.2d 633 (1998). "We will sustain a circuit court's order imposing sanctions under [§] 805.03 unless the court erroneously exercised its discretion." *Id.* at 9. We will not disturb the circuit court's exercise of discretion where "the [circuit] court examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." *See Loy v. Bunderson*, 107 Wis. 2d 400, 414-15, 320 N.W.2d 175 (1982).

¶18 Layber argues she lacked notice of the February 14 hearing; however, the record reflects that in the hearing on April 24, 2019, the circuit court thoroughly examined Layber on what information was available to her through the court's e-filing system and concluded that it was only through an absence of diligence that Layber was not aware of the hearing date. Layber asserts that she was not on notice that she could be sanctioned for missing a court appearance and

questions the court's authority to do so.[4]   We disagree that prior notice is dispositive to this issue.   The circuit court held a hearing on the motion for sanctions before imposing them and the court narrowly tailored the sanction to fit the disruption to its judicial administration.   *See Latham v. Casey & King Corp.*, 23 Wis. 2d 311, 316, 127 N.W.2d 225 (1964) (holding that due process requires a "notice of the imposition of the sanctions or penalties to be invoked for the failure to comply with a court order.   Lacking such forewarning, a hearing should be had on the imposition of a penalty.")

¶19     Layber contends that Ziolkowski inflamed the court by stating that Layber was late to four hearings in addition to missing the February 14 hearing entirely.   Conversely, Ziolkowski denies inflaming the court.   Layber argued that imposing interest for sixty-nine days was unreasonable because the delay in disbursing the funds was due to the court's stay on disbursing the funds. Ziolkowski argues that the delay in disbursing the funds was directly caused by Layber missing the hearing because the court wanted to decide the reconsideration issue with Layber present.   The record reflects that the court stated that it was only through an absence of diligence that Layber was not aware of the February 14 hearing and that she responded to Ziolkowski's motion to reconsider, which gave

---

[4] Layber questions the court's authority to impose a sanction without notice, relying on *City of Sun Prairie v. Davis*, in which our supreme court extensively discussed the inherent authority of the court and the limitations on that authority.   *Id.*, 226 Wis. 2d 738, 760, 595 N.W.2d 635 (1999).   However, our supreme court distinguished between municipal courts, created by the legislature, and the circuit courts, authorized in the judicial branch of our state constitution.   *See Flynn v. DOA*, 216 Wis. 2d 521, 548, 576 N.W.2d 245 (1998).   Here, the circuit court issued the sanctions and *Sun Prairie* does not diminish the court's authority to do so.

8

notice of the hearing date.[5] Further, the court itself observed Layber's tardiness on the record. The circuit court crafted a sanction it considered fitting. There is no evidence in the record that this sanction was an erroneous exercise of discretion.

¶20 Because the court considered the relevant facts, applied the appropriate standard of law, and employed rational decision making, it reasonably exercised its discretion when it issued the sanctions against Layber. *See Loy*, 107 Wis. 2d at 414-15. Therefore, we conclude that the court's order was not an erroneous exercise of its discretion.

## CONCLUSION

¶21 We affirm the circuit court's order in its entirety. Although we do not reach the merits of the issues raised in Layber's motion for reconsideration, we affirm the circuit court order. Because we conclude that the circuit court acted within its discretion when it ordered sanctions against Layber, we affirm that decision as well.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[5] Although the circuit court acted within its authority and discretion to craft an appropriate sanction, the record reflects that the court commented on and considered the credibility of counsel in its actions. *See Teubel v. Prime Dev., Inc.*, 2002 WI App 26, ¶20, 249 Wis. 2d 743, 641 N.W.2d 461 (holding that when the record reflected that "the opposing attorneys [were] pointing fingers at each other [] the court was in the best position to judge credibility" and determine fact finding and draw appropriate inferences). We conclude that the circuit court's findings were not clearly erroneous.